# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAHAMA HOLDINGS, LLC,**

        **Plaintiff,**

v.                                  Case No:   6:14-cv-496-Orl-37GJK

**FORMOSO FAMILY LIMITED
PARTNERSHIP, VITA FORMOSO,
CACIOPPO & SON OF FLORIDA, INC.
and GIACINTO FORMOSO,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S AMENDED VERIFIED MOTION FOR FINAL DEFAULT JUDGMENT (Doc. No. 44)
>
> **FILED:** January 26, 2015
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND.

In this action, an assignee of numerous promissory notes and mortgages seeks to obtain deficiency judgments against the debtor and personal guarantors after foreclosure judgments and sales of the mortgaged property have occurred in connection with state court proceedings.  On May 16, 2014, Kahama Holdings, LLC (the "Plaintiff"), as the current assignee of the original lender, filed a third amended complaint (the "Complaint") against Formoso Family Limited

Partnership (the "Partnership"), Cacioppo & Son Florida, Inc. ("CSF"), Vita Formoso, and Giacinto Formoso (collectively, the "Defendants"). Doc. No. 13.

The allegations of the Complaint are as follows: from 2004 through at least late 2007, Florida Choice Bank provided "multiple advance guidance line[s] of credit" to the debtor, CSF, "for the purchase and development of twenty (25) pieces of real property." Doc. No. 13 at ¶ 9. Promissory notes and mortgages were executed by CSF. *Id.*[1] Vita Formoso, Giacinto Formoso and the Partnership all executed various personal guarantees, which fully and unconditionally guarantee payment of CSF's debts to Florida Choice Bank and its assigns, including not only those debts in existence at the time the guarantees were executed, but also as to any obligations or debts incurred by CSF in the future (the "Guaranty Instruments") (Doc. No. 44-1 at 1-54). Doc. No. 13 at ¶ 10.

At various times between 2005 and 2007, CSF defaulted on its payment obligations and Kahama V, LLC ("Kahama"), a prior assignee of the notes and mortgages, sought and obtained *in-rem* foreclosure judgments from Florida state courts on the real properties securing the debts. Doc. No. 13 at ¶¶ 11-14.[2] Kahama purchased the properties at those judicial sales. Doc. No. 13 at ¶¶ 27, 38, 48, 59, 70, 81, 92, 103, 113, 123, 133, 144, 155, 180, 198, 215. Kahama then transferred and assigned the loans at issue to Plaintiff. Doc. No. 13 at ¶¶ 14-15.[3]

Pursuant to Section 702.06, Florida Statutes, based upon the difference between the amount of each foreclosure judgment and the appraised value of the properties at or near the time of the

---

[1] The record in this case does not contain the promissory notes. However, all of the mortgages, each of which expressly reference the promissory notes are part of the record, and are cited in the tables below.

[2] The foreclosure judgments are each cited in the tables below.

[3] The specific assignments from Kahama to Plaintiff are dated December 23, 2013, and may be found at the following docket entries: Doc. Nos. 44-16 at 1-2; 44-21 at 1-2; 45-5 at 1-2; 45-10 at 1-2; 45-20 at 1-2; 45-25 at 1-2; 45-30 at 1-2; 46-6 at 1-2; 46-11 at 1-2; 46-16 at 1-2; 46-22 at 1-2; 47-10 at 1-2; 47-17 at 1-2; and 47-24 at 1-2.

sale, Plaintiff seeks to obtain deficiency judgments against Defendants. Doc. No. 13 at 6-45. The Complaint contains sixteen (16) counts, some of which relate to multiple properties, but there is only one foreclosure judgment at issue with respect to each count. *Id.*

The Defendants were each served with a copy of the summons and the Complaint, but they failed to appear in this case. *See* Doc. Nos. 19-22 (executed returns of service). On December 4, 2014, the Court entered an order granting Plaintiff's second motion for Clerk's entry of default. Doc. No. 31. On December 8, 2014, pursuant to Rule 55(a), Federal Rules of Civil Procedure, default was entered against the Defendants. Doc. Nos. 32-35. On January 26, 2015, Plaintiff filed an Amended Verified Motion for Final Default Judgment (the "Motion"). Doc. No. 44.[4] In the Motion, Plaintiff seeks a deficiency judgment with respect to each count in the Complaint, except Count XII, post-judgment interest, and costs. Doc. No. 44 at 20, 33.

## II.   STANDARD.

A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Moreover, by virtue of their default, defendants generally waive any affirmative defenses that they might otherwise have raised. *See Suntrust Bank v. Baum*, 2009 WL 1097975, at *1 (S.D. Fla. April 22, 2009) (default results in waiver of affirmative defenses); *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1221-22 (11th Cir. 2012) ("Failure to plead an affirmative defense generally results in a waiver of that defense."); *UC Acquisition Corp. v. Salem Nursing & Rehab Center of Tuskegee, Inc.*, 2012 WL 95422, at *1 n.1 (M.D. Ala. Jan.

---

[4] The Motion does not indicate that it was served on the Defendants. *See* Doc. No. 44 at 33. Therefore, the undersigned will direct the Clerk to serve this report and recommendation by both Certified and Regular U.S. Mail on the Defendants.

12, 2012) (courts should not raise affirmative defenses *sua sponte* for party in default and citing authority).[5]

### III.  ANALYSIS.

Generally, at the time a judgment of foreclosure is entered, the original promissory note and mortgage securing the property at issue merge into the foreclosure judgment. *See Baggett, v. Law Offices of Daniel C. Consuegra, P.L.*, No. 3:14-cv-1014-J-32PDB, 2015 WL 1077479, at *4-5 (M.D. Fla. Apr. 15, 2015) (citing authority). An action for deficiency on any outstanding debt owed accrues after entry of the foreclosure judgment and the sale of the property. *Chrestensen v. Eurogest, Inc.*, 906 So. 2d 343, 345 (Fla. 4th DCA 2005).

Section 702.06, Florida Statutes, provides:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, <u>the amount of the deficiency may not exceed the difference between the judgment amount</u>, or in the case of a short sale, the outstanding debt, <u>and the fair market value of the property on the date of sale</u>. For purposes of this section, there is a rebuttable presumption that a residential property for which a homestead exemption for taxation was granted according to the certified rolls of the latest assessment by the county property appraiser, before the filing of the foreclosure action, is an owner-occupied residential property. <u>The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the</u>

---

[5] Under Florida law, a cause of action for deficiency accrues at the time of the foreclosure judgment and sale. *See Chrestensen v. Eurogest, Inc.*, 906 So. 2d 343, 345 (Fla. 4th DCA 2005).  In this case, the latest foreclosure judgment, sale, and appraisal all occurred in May of 2009.  *See* tables below.  Pursuant to Section 95.11(5)(h), Florida Statutes, as amended in 2013, the statute of limitations for a deficiency action on a residential mortgage foreclosure judgment is one (1) year.  Prior to June 7, 2013, the statute of limitations for a deficiency action was five (5) years.  Fla. Stat. § 95.11(2)(b) (2013).  Thus, under the current or prior version of Section 95.11, it appears that most, if not all, of Plaintiff's claims may be susceptible to a statute of limitations defense.  Nevertheless, because the statute of limitations is a waivable defense, courts have found that it is ordinarily error for the court to raise the defense *sua sponte*.  *See UC Acquisition Corp. v. Salem Nursing & Rehab Center of Tuskegee, Inc*., 2012 WL 95422, at *1 n.1 (M.D. Ala. Jan. 12, 2012) (citing authority).  Thus, while the undersigned is concerned with the timing of the claims at issue in this case, the undersigned does not stand in the shoes of the Defendants and will not raise defenses on their behalf.

foreclosure action has granted or denied a claim for a deficiency judgment.

*Id*. (emphasis added). Thus, under Section 702.06, a deficiency may not exceed the difference between the amount of the foreclosure judgment and the fair market value of the property at issue on the date of the sale. *Id*. *See also Federal Deposit Insurance Corporation v. Morley*, 915 F.2d 1517, 1520 (11th Cir. 1990) (amount of deficiency is determined by the difference between the amount of outstanding debt and fair market value of the property). Moreover, under the statute, a plaintiff has the option of seeking a deficiency decree through the underlying state court foreclosure proceedings or pursuing a separate cause of action at common law, but a plaintiff cannot pursue an independent action if the underlying foreclosure court denies or grants the claim for deficiency on the merits. Fla. Stat. § 702.06 (2014).[6]

The granting of a deficiency judgment is within the sound discretion of the court. *See Branch Banking and Trust Co. v. Park Circle, LLC*, No. 2:13-cv-25-FtM-38CM, 2014 WL 1870606, at *8 (M.D. Fla. May, 8, 2014) (citing authority). *See also Flagship State Bank of Jacksonville v. Drew Equipment Co*., 392 So. 2d 609, 611-613 (Fla. 5th DCA 1981) (describing the development of deficiency jurisprudence in Florida). "[T]he granting of a deficiency judgment is the rule rather than the exception unless there are facts and circumstances creating equitable circumstances justifying the court's denial of the deficiency." *Flagship State Bank of Jacksonville*, 392 So. 2d at 613.

---

[6] In this case, Plaintiff sought a deficiency decree from the state courts who adjudicated the foreclosure judgments. *See* Doc. No. 44-6 at 3-5. However, on July 12, 2012, Florida Circuit Court Judge Terence R. Perkins, of the Seventh Judicial Circuit Court, in and for Volusia County, Florida, by consolidated order, declined to enter a deficiency decree against the Defendants because Plaintiff failed to personally serve them with notice of the foreclosure action and, therefore, the Court lacked personal jurisdiction over the Defendants. Doc. No. 44-6 at 3-4. Thus, Plaintiff did not obtain a ruling on the merits of its claims for a deficiency and Plaintiff was free to pursue that remedy in a separate action. *See Royal Palm Corp. Center Association, LTD. v. PNC Bank, NA*., 89 So. 3d 923, 931-32 n.9 (Fla. 4th DCA 2012) (citing authority).

In this case, the Motion requests a deficiency judgment with respect to fifteen of the sixteen counts of the Complaint, Plaintiff has withdrawn Count XII. Doc. No. 44 at 1-33. In support of its requests for relief, Plaintiff provides the Guaranty Instruments (Doc. No. 44-1 at 1-54); the underlying mortgages; the assignments of the notes, mortgages, and judgments to Plaintiff; the foreclosure judgments; the dates of judicial sales; detailed appraisals of each property at issue by Craig L. Bryan of Bryan Appraisal Services, LLC; and an affidavit of Roger Ross, Plaintiff's Director and Asset Manager, who states under penalty of perjury that the allegations in the Complaint, Motion, and the exhibits attached thereto, are true and correct. *See* Doc. Nos. 44-47. The tables below reflect: the mortgages at issue for each count in the Complaint and their principal balances; the foreclosure judgments on the mortgages and their respective amounts[7]; the date of the sale; detailed appraisal(s) for each property subject to the respective foreclosure judgment; and a calculation of the difference between the amount of the foreclosure judgment and the appraisal(s):

| Count I | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
|  | **1099** | 6/28/05 | Mortgage | $228,000.00 | Doc. No. 44-7 at 1-7 |
|  |  | 4/16/09 | Foreclosure | $306,125.02 | Doc. No. 44-9 at 1-4 |
|  |  | 5/19/09 | Sale |  | Doc. No. 13 at ¶ 27 |
|  |  | 5/29/09 | Appraisal | $155,000.00 | Doc. No. 44-10 at 1-8 |
|  |  |  | **Deficiency** | **$151,125.02** | Doc. No. 44 at 19 |

---

[7] The undersigned has paid particular attention to the legal description of the properties at issue between Complaint, the Motion, the mortgages, the foreclosure judgments, and appraisals.

| Count II | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | **1042** | 6/22/05 | Mortgage | $220,000.00 | Doc. No. 44-12 at 1-7 |
| | | 2/28/08 | Foreclosure | $252,445.39 | Doc. No. 44-14 at 1-5 |
| | | 4/28/08 | Sale | | Doc. No. 13 at ¶ 38 |
| | | 10/21/08 | Appraisal | $170,000.00 | Doc. No. 44-15 at 1-7 |
| | | | **Deficiency** | **$82,445.39** | Doc. No. 44 at 19 |

| Count III | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | **5900** | 11/15/06 | Mortgage | $158,400.00 | Doc. No. 44-17 at 1-7 |
| | | 5/6/08 | Foreclosure | $178,747.17 | Doc. No. 44-19 at 1-5 |
| | | 10/2/08 | Sale | | Doc. No. 13 at ¶ 48 |
| | | 10/16/08 | Appraisal | $147,000.00 | Doc. No. 44-20 at 1-7 |
| | | | **Deficiency** | **$31,747.17** | Doc. No. 44 at 19 |

| Count IV | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | **0915** | 2/22/05 | Mortgage | $151,920.00 | Doc. No. 45-1 at 1-7 |
| | | 4/2/08 | Foreclosure | $178,265.95 | Doc. No. 45-3 at 1-5 |
| | | 8/28/08 | Sale | | Doc. No. 13 at ¶ 59 |
| | | 10/21/08 | Appraisal | $150,000.00 | Doc. No. 45-4 at 1-7 |
| | | | **Deficiency** | **$28,265.95** | Doc. No. 44 at 19 |

| Count V | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | **1448** | 1/30/06 | Mortgage | $215,920.00 | Doc. No. 45-6 at 1-7 |
| | | 4/2/08 | Foreclosure | $254,220.79 | Doc. No. 45-8 at 1-5 |
| | | 8/28/08 | Sale | | Doc. No. 13 at ¶ 70 |
| | | 10/21/08 | Appraisal | $203,000.00 | Doc. No. 45-9 at 1-7 |
| | | | **Deficiency** | **$51,220.79** | Doc. No. 44 at 19 |

| Count VI | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | **1127** | 7/18/05 | Mortgage | $900,000.00 | Doc. No. 45-11 at 1-7 |
| | | 5/18/07 | Modified | $893,500.00 | Doc. No. 45-12 at 1 |
| | | 3/2/09 | Foreclosure | $1,207,138.78 | Doc. No. 45-14 at 1-4 |
| | | 4/6/09 | Sale | | Doc. No. 13 at ¶ 81 |
| | Lot 3 | 5/13/09 | Appraisal | $60,000.00 | Doc. No. 45-15 at 1-7 |
| | Lot 7 | 5/13/09 | Appraisal | $60,000.00 | Doc. No. 45-16 at 1-7 |
| | Lot 13 | 5/13/09 | Appraisal | $60,000.00 | Doc. No. 45-17 at 1-7 |
| | Lot 14 | 5/13/09 | Appraisal | $60,000.00 | Doc. No. 45-18 at 1-7 |
| | Lot 16 | 5/13/09 | Appraisal | $60,000.00 | Doc. No. 45-19 at 1-7 |
| | Total | | Appraisal | $300,000.00 | |
| | | | **Deficiency** | **$907,138.78** | Doc. No. 44 at 19 |

| Count VII | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | **1323** | 10/17/05 | Mortgage | $197,500.00 | Doc. No. 45-21 at 1-7 |
| | | 2/28/08 | Foreclosure | $228,474.31 | Doc. No. 45-23 at 1-5 |
| | | 7/10/08 | Sale | | Doc. No. 13 at ¶ 92 |
| | | 10/21/08 | Appraisal | $175,500.00 | Doc. No. 45-24 at 1-7 |
| | | | **Deficiency** | **$52,974.31** | Doc. No. 44 at 19 |

| Count VIII | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
|  | **1018** | 4/29/05 | Mortgage | $151,920.00 | Doc. No. 45-26 at 1-7 |
|  |  | 2/28/08 | Foreclosure | $177,637.78 | Doc. No. 45-28 at 1-5 |
|  |  | 7/10/08 | Sale |  | Doc. No. 13 at ¶ 103 |
|  |  | 10/21/08 | Appraisal | $150,000.00 | Doc. No. 45-29 at 1-7 |
|  |  |  | **Deficiency** | **$27,637.78** | Doc. No. 44 at 19 |

| Count IX | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
|  | **0923** | 2/28/05 | Mortgage | $172,800.00 | Doc. No. 46-1 at 1-7 |
|  |  | 2/28/07 | Modification | $169,877.30 | Doc. No. 46-2 at 1-4 |
|  |  | 2/28/08 | Foreclosure | $201,555.57 | Doc. No. 46-4 at 1-5 |
|  |  | 7/10/08 | Sale |  | Doc. No. 13 at ¶ 113 |
|  |  | 10/21/08 | Appraisal | $170,000.00 | Doc. No. 46-5 at 1-7 |
|  |  |  | **Deficiency** | **$31,555.57**[8] | Doc. No. 44 at 19 |

| Count X | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
|  | **1828** | 3/14/07 | Mortgage | $208,000.00[9] | Doc. No. 46-7 at 1-7 |
|  |  | 3/3/09 | Foreclosure | $146,620.96 | Doc. No. 46-9 at 1-5 |
|  |  | 4/6/09 | Sale |  | Doc. No. 13 at ¶ 123 |
|  |  | 5/15/09 | Appraisal | $16,000.00 | Doc. No. 46-10 at 1-8 |
|  |  |  | **Deficiency** | **$130,620.96** | Doc. No. 44 at 19 |

---

[8] The Motion incorrectly calculates the deficiency as $31,557.57, an overstatement of $2.00, which the undersigned construes as a typographical error. *See* Doc. No. 44 at 19.

[9] The Complaint alleges that the promissory notes at issue in Count X were secured by a mortgage in the amount of $158,400.00. Doc. No. 13 at ¶ 118. The Motion states the correct amount of the mortgage is actually $208,000.00. Doc. No. 46-7 at 1. Rule 54(c), Federal Rules of Civil Procedure, provides "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Id*. While the amount of the mortgage as stated in the Complaint and the Motion are different, the ultimate amount of the deficiency demanded is unaffected by that discrepancy and, therefore, Plaintiff is entitled to default judgment as to Count X. *See* Doc. Nos. 13 at ¶ 124 (stating deficiency is at least $131,000.00); 44 at 13 (requesting deficiency of $130,620.96).

| Count XI | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
|  | **1816** | 11/16/06 | Mortgage | $144,000.00[10] | Doc. No. 46-12 at 1-7 |
|  |  | 3/2/09 | Foreclosure | $174,562.51 | Doc. No. 46-14 at 1-4 |
|  |  | 4/6/09 | Sale |  | Doc. No. 13 at ¶ 134 |
|  |  | 5/13/09 | Appraisal | $75,000.00 | Doc. No. 46-15 at 1-10 |
|  |  |  | **Deficiency** | **$99,562.51** | Doc. No. 44 at 19 |

| Count XIII | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
|  | **1324** | 1/23/07 | Mortgage | $215,920.00 | Doc. No. 46-17 at 1-7 |
|  | **1814** | 1/23/07 | Modification | $176,000.00 | Doc. No. 46-18 at 1-2 |
|  |  | 4/6/09 | Sale |  | Doc. No. 13 at ¶ 155 |
|  |  | 3/2/09 | Foreclosure | $187,468.64 | Doc. No. 46-20 at 1-4 |
|  |  | 5/13/09 | Appraisal | $124,000.00 | Doc. No. 46-21 at 1-9 |
|  |  |  | **Deficiency** | **$63,468.64** | Doc. No. 44 at 20 |

---

[10] Like Count X, the Complaint incorrectly states the amount of the note in Count XI as $125,983.25, when the mortgage clearly shows that the principal amount of the note is $144,000.00.  *Compare* Doc. No. 13 at ¶ 128 *with* Doc. Nos. 44 at ¶ 26; 46-12 at 1.  Similarly, the deficiency between the foreclosure judgment and the fair market value is $99,562.51, which does not exceed Plaintiff's actual demand in Count XI.  *Compare* Doc. No. 13 at ¶ 134 *with* Doc. Nos. 44 at 19; 46-14 at 1; 46-15 at 1.   Thus, the incorrect amount of the mortgage set forth in the Complaint does not affect Plaintiff's entitlement to default judgment under Count XI.

| Count XIV | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | | 10/7/05 | Mortgage (1) | $387,000.00 | Doc. No. 47-1 at 1-6 |
| | | 3/2/06 | Modification[11] | $1,412,000.00 | Doc. No. 47-2 at 1-2 |
| | | 5/6/08 | Foreclosure | $1,663,291.30 | Doc. No. 47-4 at 1-5 |
| | | 10/2/08 | Sale | | Doc. No. 13 at ¶ 179. |
| | | 10/16/08 | Appraisal (1) | $242,000.00 | Doc. No. 47-5 at 1-7 |
| | | 10/16/08 | Appraisal (2) | $220,000.00 | Doc. No. 47-6 at 1-7 |
| | | 10/16/08 | Appraisal (3) | $187,000.00 | Doc. No. 47-7 at 1-7 |
| | | 10/16/08 | Appraisal (4) | $242,000.00 | Doc. No. 47-8 at 1-7 |
| | | 10/16/08 | Appraisal (5) | $187,000.00 | Doc. No. 47-9 at 1-7 |
| | | Total | Appraisal | $1,078,000.00 | |
| | | **Actual** | **Deficiency** | **$585,291.30[12]** | |
| | | **Requested** | **Deficiency** | **$569,291.30** | Doc. No. 44 at 20 |

---

[11] The March 2, 2006 modification agreement increased the principal amount of the original note by $1,025,000.00. Doc. No. 47-2 at 1. Thus, the total amount of the mortgage became $1,412,000.00. Doc. No. 47-2 at 1-2. The Complaint incorrectly states that the total principal amount of the mortgage is $1,025,000.00. Doc. No. 13 at ¶ 161. The Complaint also alleges that the mortgage was broken up into five (5) separate notes of various amounts. Doc. No. 13 at ¶¶ 162-163. The mortgage and the modification thereof do reveal that the mortgage secured five separate properties. Doc. Nos. 47-1 at 1; 47-2 at 1.

[12] In the Motion, Plaintiff incorrectly calculates that the total amount of the appraisals is $1,100,000.00. Doc. No. 44 at 16. As set forth in table above, the correct amount is $1,078,000.00. Due to Plaintiff's miscalculation, Plaintiff requests a smaller deficiency amount - $569,291.30 – than Plaintiff may be entitled to if Plaintiff correctly calculated the total amount of the appraisals, which is $585,291.30. Doc. No. 44 at 16, 20. However, it is impossible for the undersigned to verify the actual deficiency amount in Count XIV because the legal description of properties on the mortgage, modification, and foreclosure judgment are substantively different than the legal description of the properties on a majority of the appraisals attached to the Motion. *Compare* Doc. Nos. 47-1 at 1; 47-2 at 1; 47-4 at 2-3 *with* Doc. Nos. 47-7 at 2; 47-8 at 2; 47-9 at 2.

| Count XV | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | | 5/26/05 | Mortgage | $1,103,600.00 | Doc. No. 47-11 at 1-7 |
| | | 4/16/09 | Foreclosure | $1,492,092.36 | Doc. No. 47-13 at 1-4 |
| | | 5/19/09 | Sale | | Doc. No. 13 at ¶ 198 |
| | | 5/15/09 | Appraisal (1) | $132,000.00 | Doc. No. 47-14 at 1-9 |
| | | 5/15/09 | Appraisal (2) | $150,000.00 | Doc. No. 47-15 at 1-9 |
| | | 5/15/09 | Appraisal (3) | $132,000.00 | Doc. No. 47-16 at 1-8 |
| | | Total | Appraisal | $414,000.00 | |
| | | | **Deficiency** | **Unknown**[13] | Doc. No. 44 at 17-18, 20 |

| Count XVI | Note(s) | Date | Action | Amount | Record |
|---|---|---|---|---|---|
| | | 5/6/05 | Mortgage | $697,360.00 | Doc. No. 47-18 at 1-7 |
| | | 4/2/08 | Foreclosure | $596,550.22 | Doc. No. 47-20 at 1-5 |
| | | 8/28/08 | Sale | | Doc. No. 13 at ¶ 215 |
| | | 10/21/08 | Appraisal (1) | $165,000.00 | Doc. No. 47-21 at 1-7 |
| | | 10/22/08 | Appraisal (2) | $160,000.00 | Doc. No. 47-22 at 1-7 |
| | | 10/22/08 | Appraisal (3) | $160,000.00 | Doc. No. 47-23 at 1-7 |
| | | Total | Appraisal | $485,000.00 | |
| | | **Actual** | **Deficiency** | **$111,550.22** | |
| | | **Requested** | **Deficiency** | **$28,000.00**[14] | Doc. No. 44 at 18-19 |

---

[13] The mortgage secured five (5) properties for $1,103,600.00.  Doc. No. 47-11 at 1.  On the April 16, 2009 foreclosure order, four (4) of those properties were foreclosed upon for $1,492,092.36.  Doc. No. 47-13 at 1-2.  In an effort to establish the fair market value of the four (4) properties at issue at the time of their sale, Plaintiff has only attached appraisals with respect to three (3) of the properties, specifically Lots 2, 8, and 4.  Doc. Nos. 47-14 at 2; 47-15 at 2; 47-16 at 2.  The record does not contain an appraisal with respect to Lot 3.  *See* Doc. No. 47-13 at 2.  Based on this record, because there is no evidence as to the fair market value of Lot 3, the undersigned finds that it is impossible to determine the amount of the deficiency.

[14] As set forth in the table above, the actual difference between the foreclosure amount and the fair market value of the properties at the time of sale is $111,550.22.  However, under Count XVI, in the Motion, Plaintiff requests a

### A. Count I – XI, XIII and XVI.

Through the Complaint and the exhibits attached thereto, Plaintiff has demonstrated entitlement to deficiency judgments with respect to Count I through XI, XIII and XVI. Plaintiff has provided the foreclosure judgments and produced credible evidence of the properties' fair market value through the respective appraisals. *See generally Savers Federal Sav. & Loan Ass'n v. Sandcastle Beach Joint Venture*, 498 So. 2d 519, 521-22 (Fla. 1st DCA 1986) (discussing fair market value and stating that court should not reject appraiser's opinion, which constitutes only credible evidence of fair market value). Thus, with respect to Count I through XI, and XIII, the Court may readily calculate the amount of the deficiency. *See F.D.I.C. v. Morley*, 915 F.2d 1517, 1520 (11th Cir. 1990). Similarly, in Count XVI, Plaintiff requests a deficiency in the amount of $28,000.00, which is less than the difference between the foreclosure judgment and the fair market value of the properties. Furthermore, there appears to be no equitable considerations warranting any reduction in the deficiency amounts requested. *Id*. at 1520-21. By operation of the Guaranty Instruments (Doc. No. 44-1 at 1-54), Plaintiff may obtain deficiency judgments against Vita Formoso, Giacinto Formoso, and the Partnership. *See Lockheed Martin Corp. v. Galaxis USA, Ltd*., 222 F. Supp. 2d 1315, 1325 (M.D. Fla. 2002). Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion with respect to Counts I – XI, XIII and XVI in the total amount of **$1,685,762.87** as set forth in the table below:

---

deficiency in the amount of only $28,000.00.  Doc. No. 44 at 18-19.

| Count I | $151,125.02 |
| --- | --- |
| Count II | $82,445.39 |
| Count III | $31,747.17 |
| Count IV | $28,265.95 |
| Count V | $51,220.79 |
| Count VI | $907,138.78 |
| Count VII | $52,974.31 |
| Count VIII | $27,637.78 |
| Count IX | $31,555.57 |
| Count X | $130,620.96 |
| Count XI | $99,562.51 |
| Count XIII | $63,468.64 |
| Count XVI | $28,000.00 |
| Total | $1,685,762.87 |

**B.  Counts XIV and XV.**

The undersigned cannot determine the fair market value of the properties at issue in Count XIV because the legal description of the properties on the mortgage, the modification, and foreclosure judgment are substantively different from the legal description of the properties on a majority of the appraisals attached to the Motion.  *Compare* Doc. Nos. 47-1 at 1; 47-2 at 1; 47-4 at 2-3 *with* Doc. Nos. 47-7 at 2; 47-8 at 2; 47-9 at 2. *See also supra* n.12.  The Motion fails to

address these discrepancies. Doc. No. 44.[15] As such, the undersigned finds that Plaintiff has failed to submit competent evidence establishing the fair market value of the properties attached to mortgage and foreclosure judgment. Accordingly, it is **RECOMMENDED** that the Court decline to exercise its discretion to enter a deficiency judgment and **DENY** the Motion with respect to Count XIV.

Similarly, the undersigned questions the propriety of the relief requested in Count XV because the mortgage secured five (5) properties, four (4) of which were ultimately foreclosed upon, but Plaintiff only attaches the appraisals of three (3) of those properties. *See supra* n.13. Without additional evidence regarding the value of Lot 3 (*id.*) the Court cannot accurately calculate the deficiency. Accordingly, it is **RECOMMENDED** that the Court decline to exercise its discretion to enter a deficiency judgment and **DENY** the Motion with respect to Count XV.

### C. Costs.

In the Motion, Plaintiff requests costs in the amount of $1,220.00 without any supporting memorandum of legal authority, an affidavit, or any evidence supporting the amount of costs requested. *See* Doc. No. 44 at 20. Plaintiff states that it will be filing a separate motion for attorneys' fees. Based on this record, it is **RECOMMENDED** that the Court **DENY** the Motion with respect to Plaintiff's request for an award of costs with leave to include a properly supported request for costs in its forthcoming motion for attorneys' fees.

## IV.   CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Motion be **GRANTED in part and DENIED in part** as follows:

---

[15] Plaintiff's affidavit in support of its Motion does not address any of the discrepancies nor does it correlate the appraisals with questioned legal descriptions to legal descriptions for the lots described in the mortgages. Doc. No. 47-25 at 1.

1. The Motion (Doc. No. 44) be **GRANTED** with respect to Counts I-XI, XIII, and XVI in the total amount of $1,685,762.87 as specifically set forth in the table on page 14;

2. Otherwise, the Motion be **DENIED**; and

3. Plaintiff be given leave to renew its request for an award of costs in a motion for attorneys' fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 19, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy