**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

KAHAMA HOLDINGS, LLC,

      Plaintiff,

v.                                                                          Case No. 6:14-cv-496-Orl-37GJK

FORMOSO FAMILY LIMITED
PARTNERSHIP; VITA FORMOSO;
CACIOPPO & SON OF FLORIDA, INC.;
GIACINTO FORMOSO,

      Defendants.

---

**ORDER**

This cause is before the Court on the following:

1.  Plaintiff's Amended Verified Motion for Final Default Judgment (Doc. 44), filed January 26, 2015;

2.  U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 50), filed May 19, 2015;

3.  Plaintiff's Objections to the Report and Recommendations of the Magistrate Judge (Doc. 51), filed June 3, 2015;

4.  Plaintiffs' Notice of Its Corrections to its [sic] Objections to the Report and Recommendations [sic] of the Magistrate Judge (Doc. 52), filed June 5, 2015;

5.  Plaintiffs' Notice of Pending Amended Motion for Default Final Judgment (Doc. 53), filed July 22, 2015; and

6.  Plaintiffs' Second Notice of Pending Amended Motion for Default Final Judgment (Doc. 54), filed September 1, 2015.

## BACKGROUND

Plaintiff is an assignee of numerous notes and mortgages ("Instruments"), which are secured by properties that it eventually purchased during foreclosure sales ordered by the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida ("State Court"). Plaintiff initiated this action to recover deficiency judgments against Defendant Cacioppo & Son of Florida, Inc.—the debtor of the Instruments—and Defendants Formoso Family Limited Partnership, Vita Formoso, and Giacinto Formoso—the personal guarantors of the Instruments—resulting from the foreclosure sales of the mortgaged properties. (Doc. 13.)

The operative pleading is Plaintiff's sixteen-count Third Amended Complaint. (Doc. 13.) After Defendants failed to answer the Third Amended Complaint, Plaintiff moved for and received a clerk's entry of default.[1] (Docs. 28–35.) Plaintiff now moves for a final default judgment, asserting that it is entitled to a deficiency judgment against Defendants because the fair market value of the properties at the time of the foreclosure sales is less than the amount that Plaintiff is entitled to recover pursuant to the foreclosure judgments. (Doc. 44 ("Motion").) The Motion was referred to U.S. Magistrate Judge Gregory J. Kelly, who recommends granting default judgment as to Counts 1–11, 13, and 16[2] and awarding Plaintiff a total of $1,685,762.87. (Doc. 50 ("R&R").) Plaintiff objects to the R&R.[3] (Doc. 51.)

---

[1] Plaintiff provided proof of service as to each Defendant. (*See* Docs. 19–22.)

[2] Plaintiff withdrew its demand for a deficiency judgment as to Count XII, and thus only seeks a deficiency judgment as to fifteen of the sixteen counts.[2]

[3] Plaintiff does not object to Magistrate Judge Kelly's recitations of the factual allegations, which the Court adopts. (Doc. 50, pp. 1–3.)

**STANDARDS**

## I.     R&R

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## II.    Final Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Fed. R. Civ. P. 55(b). By default, the defendants admit the plaintiff's well-pleaded allegations of fact. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, the defendants are "not held to admit facts that are not well-pleaded or to admit conclusions of law." *Buchanan*, 820 F.2d at 361. Therefore, in considering a motion for default judgment, the Court must "ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**DISCUSSION**

Plaintiff objects to three portions of the R&R, specifically the recommendations that this Court: (1) deny the relief requested in Count 14; (2) deny the relief requested in Count XV; and (3) limit Plaintiff's recovery under Count XVI to his demand of $28,000.00 rather than grant him the full deficiency of $110,000.00.[4] (Doc. 51.) The Court addresses each objection below.

**I.      Count 14**

As to Count 14, Plaintiff seeks a deficiency judgment in the amount of $569,291.30.[5] (Doc. 44, p. 16.) In support of its request, Plaintiff submits: (1) the subject mortgage of Count 14 (Doc. 47-1 ("Count 14 Mortgage")), which was secured by five properties ("Count 14 Properties"); (2) the State Court foreclosure judgment as to the Count 14 Mortgage in the amount of $1,663,291.30 (Doc. 47-4 ("Count 14 FJ")); and (3) alleged appraisals of the fair market value of the Count 14 Properties at the time of the foreclosure sale, which Plaintiff erroneously contends total $1,100,000.00 in the aggregate[6] (Docs. 47-5 to 47-9 ("Count 14 Appraisals")).

---

[4] The Court independently reviewed the non-objected to portions of the R&R relating to Counts 1–11 and 13 for fairness and finds that they are due to be adopted. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (suggesting that a de novo review is only required when a party objects to the proposed findings and recommendations); *see also Thomas v. Arn*, 474 U.S. 140, 150–51 (1985) (concluding that R&Rs without objection should be reversed only for clear error).

[5] A deficiency judgment typically equals "the total amount listed in the final judgment of foreclosure minus the fair market value of the property as of the foreclosure sale date." (Doc. 44, p. 16); *see also Beach Cmty. Bank v. First Brownsville Co.*, 85 So. 2d 1119, 1122 (Fla. 1st DCA 2012 (citing *Morgan v. Kelly*, 642 So. 2d 1117, 1117 (Fla. 3d DCA 1994)).

[6] The Count 14 Appraisals actually total $1,078,000.00. (*See* Docs. 47-5–47-9.) Plaintiff's error resulted from a $24,000.00 overstatement as to the appraised value of one of the Count 14 Properties. (*Compare* Doc. 44, p. 16, *with* Doc. 47-6, p. 1.)

Upon careful consideration of Plaintiff's submissions, the Court agrees with Magistrate Judge Kelly that three of the five legal property descriptions in the Count 14 Appraisals are inconsistent with the Count 14 Property descriptions in the Count 14 Mortgage and the Count 14 FJ. (Doc. 50, pp. 11, 14–15; *compare* Docs. 47-1, p. 1, *and* 47-2, p. 1, *and* 47-4, pp. 2–3, *with* Docs. 47-7, p. 2, *and* 47-8, p. 2, *and* 47-9, p. 2.) Plaintiff objects on the ground that the appraisals are "undisputed, credible, logical and reasonable." (Doc. 51, p. 11.)

Even if Plaintiff's characterization of the Count 14 Appraisals is accurate, Plaintiff's objections fail to address the underlying rationale of the R&R (*see id.* at 9–16), which is that the differing property descriptions prevent the Court from determining the fair market value of three of the five Count 14 Properties and, consequently, from determining the deficiency. Thus, the Court rejects Plaintiff's objection and agrees with Magistrate Judge Kelly that Plaintiff's Motion is due to be denied as to Count 14.

**II.     Count 15**

As to Count 15, Plaintiff seeks a deficiency judgment in the amount of $1,078,092.36. (Doc. 44, p. 18.) In support of its request, Plaintiff submits: (1) the subject mortgage of Count 15 (Doc. 47-11 ("Count 15 Mortgage")), which was secured by five properties ("Count 15 Properties"), (2) the State Court foreclosure judgment as to the Count 15 Mortgage in the amount of $1,492,092.36 (Doc. 47-13 ("Count 15 FJ")); and (3) alleged appraisals of the fair market value of three of the Count 15 Properties at the time of the foreclosure sale, which total $414,000.00 in the aggregate (Docs. 47-14 to 47-16 ("Count 15 Appraisals")).[7]

---

[7] The State Court judge noted that Plaintiff "holds a lien for the total sum due [under

Judge Kelly recommends that the Court decline to enter a deficiency judgment because, "[w]ithout additional evidence regarding the value of [the non-appraised Count 15 Property for which Plaintiff holds a lien], the Court cannot accurately calculate the deficiency." (Doc. 50, p. 15.) Plaintiff objects on the ground that it did not request a deficiency for the non-appraised property because it "sought no relief on the two properties for which appraisals were omitted" since the Count 15 Mortgage was satisfied as to those two properties. (Doc. 51, pp. 16–18.) Plaintiff, however, has not provided any documentation evidencing the alleged release or satisfaction of the non-appraised properties. It's objection is, therefore, due to be overruled.

Alternatively, Plaintiff's Motion as to Count 15 is due to be denied because only two of the three Count 15 Appraisal property descriptions match the legal descriptions in the Count 15 Mortgage and the Count 15 FJ. (*Compare* Docs. 47-11, p. 1, *and* 47-13, p. 2, *with* Docs. 47-14, 47-15; *compare* Docs. 47-11, p. 1, *and* 47-13, p. 2, *with* Doc. 47-16, p. 2.). Thus, Plaintiff's request as to Count 15 suffers the same fatal flaw as its request as to Count 14 because the Court cannot determine the appropriate amount of the deficiency. Thus, the Motion is due be with denied with respect to Count 15.

### III.   Count 16

As to Count 16, Plaintiff seeks a deficiency judgment in the amount of $28,000.00. (Doc. 44, p. 18–19.) In support of its request, Plaintiff submits: (1) the subject mortgage of Count 16 (Doc. 47-18 ("Count 16 Mortgage")), which was secured by six properties ("Count 16 Properties"), (2) the State Court foreclosure judgment as to the Count 16 Mortgage in the amount of $596,550.22 (Doc. 47-20 ("Count 15 FJ")); and (3) appraisals

---

the Count 15 FJ]" on only four of the five Count 15 Properties. (Doc. 47-13, p. 2.)

of the fair market value of the Count 16 Properties at the time of the foreclosure sale, which total $485,000.00 in the aggregate (Docs. 47-21–47-23 ("Count 16 Appraisals")).

Magistrate Judge Kelly correctly concluded that there was an actual deficiency in the amount of $111,550.22. (Doc. 50, p. 12.) Nonetheless, he recommends limiting Plaintiff's recovery to the amount that Plaintiff requested in the Motion—$28,000.00. (*Id.* at 12 n.14.) Plaintiff objects, arguing that it is entitled to recover the full amount of the deficiency and it should not be limited to the amount requested in its Motion. (Doc. 51, pp. 18–20.)

Plaintiff's objection is due to be sustained. Although it only requested $28,000.00 in its Motion, Plaintiff alleged in the operative pleading that there is a "deficiency of at least $133,000.00" with respect to Count 16. (Doc. 13, ¶ 216.) Plaintiff's demand is only limited by its pleadings. Fed. R. Civ. P. 54(c). Plaintiff is, therefore, entitled to a deficiency up to $133,000.00, and the actual deficiency amount of $111,550.22 is well within that limitation. Thus, Plaintiff is entitled to the full deficiency.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    Plaintiff's Objections to the Report and Recommendations of the Magistrate Judge (Doc. 51) are **SUSTAINED IN PART AND OVERRULED IN PART**.

    a.    Plaintiff's objection as to Count 16 is **SUSTAINED**.

    b.    In all other respects, Plaintiff's objections are **OVERRULED**.

2.    U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 50) is **ADOPTED IN PART AND REJECTED IN PART**.

    a.    Magistrate Judge Kelly's recommendation that Plaintiff is limited to

$28,000.00 as to Count 16 is **REJECTED**.

    b.     In all other respects, the R&R is **ADOPTED AND CONFIRMED** and made part of this Order.

3.    Plaintiff's Amended Verified Motion for Final Default Judgment (Doc. 44) is **GRANTED IN PART AND DENIED IN PART**.

    a.     The Motion is **GRANTED** with respect to Counts 1–11, 13, and 16 in the total amount of **$1,769,313.09**.

    b.     The Motion is **DENIED** with respect to Counts 14 and 15.

4.    The Plaintiff is **DIRECTED** to submit a proposed final judgment in favor of Plaintiff, against Defendants in the amount of $1,769,313.09.

5.    The Court reserves jurisdiction for purposes of considering any request for fees, costs or post judgment interest upon proper motion in that regard.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 17, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record